**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| **WILLIS JOHNSON,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**WELLS FARGO BANK, N.A.,**<br><br>**Defendant.** | **CIVIL ACTION NO.**<br>________________ |

**NOTICE OF REMOVAL**

COMES NOW Defendant Wells Fargo Bank, N.A. ("Wells Fargo"), by and through its undersigned counsel, and pursuant to the provisions of 28 U.S.C. §§ 1331, 1367, 1441, and 1446, appearing specially so as to preserve any and all defenses available under Rule 12 of the Federal Rules of Civil Procedure and the right to demand arbitration pursuant to contractual agreements and the Federal Arbitration Act, 9 U.S.C. §§ 1, *et seq.*, hereby gives notice of removal of this action from the Magistrate Court of Fulton County, Georgia, to the United States District Court for the Northern District of Georgia, Atlanta Division. In support thereof, Wells Fargo respectfully shows unto the Court as follows:

## PROCEDURAL HISTORY

1. Plaintiff Willis Johnson ("Plaintiff") commenced this action by filing a Complaint in the Magistrate Court of Fulton County, Georgia, on or about October 14, 2025, assigned the case number 25MS242742. (*See* Complaint, attached hereto with the state court file as **Exhibit A**.) The Magistrate Court of Fulton County, Georgia, is a state court within this judicial district and division.

2. Wells Fargo was served with the Complaint on October 17, 2025.

3. In the Complaint, Plaintiff asserts claims against Wells Fargo under the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"); the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"); as well as for state law claims for the Georgia Fair Business Practices Act ("GFBPA"), Intrusion Upon Seclusion, Trespass to Chattels, Conversion, Negligent Hiring, Training, and Supervision, Negligence Per Se, Negligent Infliction of Emotional Distress, Intentional Infliction of Emotional Distress, Harassment, and Injunctive Relief. *See generally* Ex. A.

4. On October 14, 2025, Judge John M. De Foor II, issued an Order denying Plaintiff's motion for temporary injunction. *See* Ex. A.

5. On or about November 12, 2025, Plaintiff filed an Amended Complaint adding a cause of action related to a Georgia Do Not Call statute, O.C.G.A. § 46-5-27. *See* Ex. A.

## FEDERAL QUESTION JURISDICTION

6. Federal district courts have "original jurisdiction of all civil actions arising under the Constitution, laws, or treatises of the United States." 28 U.S.C. § 1331. Removal jurisdiction based upon a federal question exists when a federal question is presented on the face of a plaintiff's complaint. *See Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).

7. This case is properly removable pursuant to 28 U.S.C. § 1441 because federal question jurisdiction is present. Section 1441 provides, in pertinent part:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a).

8. This is a civil action arising under the Constitution, laws, or treatises of the United States because Plaintiff asserts claims for alleged violations of the TCPA and the FDCPA, both of which are federal statutes. *See generally* Ex. A. Accordingly, Plaintiff's claims in this action arise under the laws of the United States and fall within this Court's original jurisdiction.

## **SUPPLEMENTAL JURISDICTION**

9. This Court can exercise supplemental jurisdiction over Plaintiff's state law claims for GFBPA, Intrusion Upon Seclusion, Trespass to Chattels, Conversion, Negligent Hiring, Training, and Supervision, Negligence Per Se, Negligent Infliction of Emotional Distress, Intentional Infliction of Emotional Distress, Harassment, Georgia Do Not Call Statute, and Injunctive Relief because they form part of the same case or controversy as Plaintiff's federal claims.

10. The supplemental jurisdiction statute, section 1367, provides, in pertinent part:

> [I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy . . . .

28 U.S.C. § 1367(a).

11. In the instant case, Plaintiff's state law claims are related to Plaintiff's federal claims. Namely, all of Plaintiff's state law claims arise from Plaintiff's allegations that Wells Fargo placed calls and text messages to Plaintiff after a revocation of consent. (*See generally* Ex. A.) Thus, Plaintiff's state law claims in this case are "so related to claims in the action within [this Court's] original jurisdiction" that it forms part of the same case or controversy and, as such, falls

squarely within this Court's supplemental jurisdiction as provided under 28 U.S.C. § 1367(a).

12. It is therefore proper for this Court to exercise jurisdiction over all claims asserted in Plaintiff's Complaint.

## ADOPTION AND RESERVATION OF DEFENSES

13. Nothing in this notice of removal shall be interpreted as a waiver or relinquishment of any of Wells Fargo's rights to assert any defense or affirmative matter, including, but not limited to, the defenses of: (1) lack of jurisdiction over the person; (2) improper venue; (3) insufficiency of process; (4) insufficiency of service of process; (5) improper joinder of claims and/or parties; (6) failure to state a claim; (7) the mandatory arbitrability of some or all of the claims; (8) failure to join indispensable parties; or (9) any other pertinent defense available under Fed. R. Civ. P. 12, any state or federal statute, or otherwise. Wells Fargo specifically reserves the right to demand arbitration pursuant to its contractual agreements with the Plaintiff and the Federal Arbitration Act, 9 U.S.C. §§ 1, *et seq*.

## PROCEDURAL REQUIREMENTS

14. This case is a civil action within the meaning of 28 U.S.C. § 1441(a), relating to the removal of cases.

15. True and correct copies of "all process, pleadings, and orders" filed to date are attached hereto as **Exhibit A**, in conformity with 28 U.S.C. § 1446(a). There

has been no other process, pleading, or order served upon Wells Fargo to date in this case.

16. This Notice of Removal is filed within the time frame set forth in 28 U.S.C. § 1446(b)(2)(B).

17. Wells Fargo has not previously sought similar relief.

18. The United States District Court for the Northern District of Georgia, Atlanta Division, is the District and Division embracing the place where this action is pending in state court.

19. Pursuant to 28 U.S.C. § 1446(d), contemporaneously with the filing of this notice of removal, Wells Fargo has filed a copy of same, along with a Notice of Filing Notice of Removal, with the clerk of the Magistrate Court of Fulton County, Georgia. Written notice of the filing of this Notice of Removal has also been served upon the Plaintiff.

WHEREFORE, Wells Fargo prays that the Court will take jurisdiction of this action and issue all necessary orders and process to remove this action from the Magistrate Court of Fulton County, Georgia, to the United States District Court for the Northern District of Georgia, Atlanta Division.

Respectfully submitted this 14th day of November, 2025.

*/s/ Dylan J. Patel*
Dylan J. Patel
Georgia Bar No. 789608
dpatel@burr.com
BURR & FORMAN, LLP
1075 Peachtree Street NE, Suite 3000
Atlanta, GA 30309
Telephone: (404) 815-3000
Facsimile: (404) 817-3244

Attorney for Defendant
WELLS FARGO BANK, N.A.

## CERTIFICATION OF COUNSEL

I hereby certify that the foregoing document has been prepared with Times New Roman, 14 point font, one of the font and point selections approved by the Court in LR 5.1C.

*/s/ Dylan J. Patel*
Dylan J. Patel
Georgia Bar No. 789608

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing document has been served on the following via U.S. First Class Mail, postage prepaid, on this 14th day of November, 2025:

Willis Johnson
3651 Lenox Road NE, Suite 666
Atlanta, GA 30305

*/s/ Dylan J. Patel*
Dylan J. Patel
Georgia Bar No. 789608