**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| **WILLIS JOHNSON,** | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **CIVIL ACTION NO. 1:25-cv-06549-TRJ** |
| **WELLS FARGO BANK, N.A.,** | ) | |
| **Defendant.** | ) | |

**<u>WELLS FARGO BANK, N.A.'S ANSWER TO AMENDED COMPLAINT</u>**

**COMES NOW** Defendant Wells Fargo Bank, N.A. d/b/a Wells Fargo Auto ("Wells Fargo"), by and through its undersigned counsel, specifically reserving the right to compel arbitration pursuant to contractual agreements and the Federal Arbitration Act, 9 U.S.C. §§ 1, *et seq.*, hereby files its Answer to Plaintiff Willis Johnson's ("Plaintiff") Amended Complaint, stating as follows:

## JURISDICTION AND VENUE

1. Wells Fargo admits that Plaintiff's Complaint purports to bring claims under the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA"), the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"), Georgia Fair Business Practices Act, O.C.G.A. § 10-1-390, *et seq.* ("GFBPA"), O.C.G.A. § 46-5-27, and Georgia common law, but denies any allegation of liability

under all statutes referenced in Paragraph 1 of the Complaint against Wells Fargo and denies that Plaintiff is entitled to any damages from Wells Fargo and demands strict proof thereof.

2. Paragraph 2 states legal conclusions to which no response from Wells Fargo is necessary. To the extent a response is required, Wells Fargo admits only that the statutes referenced in Paragraph 2 speak for themselves and deny any inconsistent characterization or representation therewith. Otherwise, denied.

3. Paragraph 3 states legal conclusions to which no response from Wells Fargo is necessary. To the extent a response is required, Wells Fargo admits only that the statute referenced in Paragraph 3 speaks for itself and denies any inconsistent characterization or representation therewith. Otherwise, denied.

## PARTIES

4. Wells Fargo admits only that Plaintiff is a person residing in Fulton County, Georgia. Otherwise, denied.

5. Wells Fargo admits only that it is a national banking association, does business in Georgia, and that is agent for service of process in Georgia is Corporate Services Company, 2 Sun Court, Suite 400, Peachtree Corners, GA 30092. Otherwise, denied.

6. Paragraph 6 states a legal conclusion to which no response from Wells Fargo is necessary. To the extent a response is required, Wells Fargo admits only

that the statute referenced in Paragraph 6 speaks for itself and denies any inconsistent characterization or representation therewith. Otherwise, denied.

## FACTUAL ALLEGATIONS

7. Wells Fargo admits only that Plaintiff has a phone number ending in -8032 and that Plaintiff has an auto loan account with Wells Fargo ending in -9135. Otherwise, denied.

8. Wells Fargo denies the allegations in Paragraph 8 and demands strict proof thereof.

9. Wells Fargo admits only that the alleged voicemail attached to the Complaint as Exhibit "C" speaks for itself and denies any inconsistent characterization or representation of the same. Otherwise, denied.

10. Wells Fargo admits only that the alleged text messages attached to the Complaint as Exhibit "B" speaks for itself and denies any inconsistent characterization or representation of the same. Otherwise, denied.

11. Wells Fargo admits only that the alleged revocation attached to the Complaint as Exhibit "A" speaks for itself and denies any inconsistent characterization or representation of the same. Otherwise, denied.

12. Wells Fargo denies the allegations in Paragraph 12 and demands strict proof thereof.

13. Paragraph 13 states a legal conclusion to which no response from Wells Fargo is necessary. To the extent a response is required, Wells Fargo admits only that the statute referenced in Paragraph 13 speaks for itself and denies any inconsistent characterization or representation therewith. Otherwise, denied.

14. In response to Paragraph 14 and the five bullet points thereunder, Wells Fargo denies the allegations and demands strict proof thereof.

**COUNT I –**

**Violations of the TCPA, 47 U.S.C. § 227 & O.C.G.A. § 46-5-27**

15. Wells Fargo adopts and incorporates the preceding paragraphs as if fully set forth herein.

16. Wells Fargo denies the allegations in Paragraph 16 and demands strict proof thereof.

17. Paragraph 17 states a legal conclusion to which no response from Wells Fargo is necessary. To the extent a response is required, Wells Fargo admits only that the TCPA speaks for itself and denies any inconsistent characterization or representation therewith. Otherwise, denied.

18. Wells Fargo denies the allegations in Paragraph 18 and demands strict proof thereof.

**COUNT II –**

**Violations of the Georgia Fair Business Practices Act (GFBPA), O.C.G.A. § 10-1-390 et seq.**

19. Wells Fargo adopts and incorporates the preceding paragraphs as if fully set forth herein.

20. Paragraph 20 states a legal conclusion to which no response from Wells Fargo is necessary. To the extent a response is required, Wells Fargo admits only that the statute referenced in Paragraph 20 speaks for itself and denies any inconsistent characterization or representation therewith. Otherwise, denied.

21. Wells Fargo denies the allegations in Paragraph 21 and demands strict proof thereof.

**COUNT III –**

**Violations of the Fair Debt Collections Practices Act (FDCPA), 15 U.S.C. § 1692 et seq. (Pled in the Alternative)**

22. Wells Fargo adopts and incorporates the preceding paragraphs as if fully set forth herein.

23. Paragraph 23 states a legal conclusion to which no response from Wells Fargo is necessary. To the extent a response is required, Wells Fargo admits only that the FDCPA speaks for itself and denies any inconsistent characterization or representation therewith. Otherwise, denied.

24. Paragraph 24 states a legal conclusion to which no response from Wells Fargo is necessary. To the extent a response is required, Wells Fargo admits only that the FDCPA speaks for itself and denies any inconsistent characterization or representation therewith. Otherwise, denied.

25. Paragraph 25 states a legal conclusion to which no response from Wells Fargo is necessary. To the extent a response is required, Wells Fargo admits only that the FDCPA speaks for itself and denies any inconsistent characterization or representation therewith. Otherwise, denied.

26. Wells Fargo denies the allegations in Paragraph 26 and demands strict proof thereof.

**COUNT IV – Invasion of Privacy (Intrusion Upon Seclusion)**

27. Wells Fargo adopts and incorporates the preceding paragraphs as if fully set forth herein.

28. Wells Fargo denies the allegations in Paragraph 28 and demands strict proof thereof.

29. Wells Fargo denies the allegations in Paragraph 29 and demands strict proof thereof.

30. Wells Fargo denies the allegations in Paragraph 30 and demands strict proof thereof.

## COUNT V –

## Trespass to Chattels

31. Wells Fargo adopts and incorporates the preceding paragraphs as if fully set forth herein.

32. Wells Fargo denies the allegations in Paragraph 32 and demands strict proof thereof.

33. Wells Fargo denies the allegations in Paragraph 33 and demands strict proof thereof.

## COUNT VI –

## Conversion

34. Wells Fargo adopts and incorporates the preceding paragraphs as if fully set forth herein.

35. Wells Fargo denies the allegations in Paragraph 35 and demands strict proof thereof.

36. Wells Fargo denies the allegations in Paragraph 36 and demands strict proof thereof.

## COUNT VII –

## Negligent Hiring, Training, and Supervision (O.C.G.A. § 34-7-20)

37. Wells Fargo adopts and incorporates the preceding paragraphs as if fully set forth herein.

38. Wells Fargo denies the allegations in Paragraph 38 and demands strict proof thereof.

39. Wells Fargo denies the allegations in Paragraph 39 and demands strict proof thereof.

**COUNT VIII –**

**Negligence Per Se**

40. Wells Fargo adopts and incorporates the preceding paragraphs as if fully set forth herein.

41. Paragraph 41 states legal conclusions to which no response from Wells Fargo is necessary. To the extent a response is required, Wells Fargo admits only that the statutes referenced in Paragraph 41 speak for themselves and deny any inconsistent characterization or representation therewith. Otherwise, denied.

42. Wells Fargo denies the allegations in Paragraph 42 and demands strict proof thereof.

**COUNT IX –**

**Negligent Infliction of Emotional Distress (NIED)**

43. Wells Fargo adopts and incorporates the preceding paragraphs as if fully set forth herein.

44. Wells Fargo denies the allegations in Paragraph 44 and demands strict proof thereof.

45. Wells Fargo denies the allegations in Paragraph 45 and demands strict proof thereof.

**COUNT X –**

**Intentional Infliction of Emotional Distress (IIED)**

46. Wells Fargo adopts and incorporates the preceding paragraphs as if fully set forth herein.

47. Wells Fargo denies the allegations in Paragraph 47 and demands strict proof thereof.

48. Wells Fargo denies the allegations in Paragraph 48 and demands strict proof thereof.

49. Wells Fargo denies the allegations in Paragraph 49 and demands strict proof thereof.

**COUNT XI –**

**Harassment in Collection (Georgia Law)**

50. Wells Fargo adopts and incorporates the preceding paragraphs as if fully set forth herein.

51. Wells Fargo denies the allegations in Paragraph 51 and demands strict proof thereof.

52. Wells Fargo denies the allegations in Paragraph 52 and demands strict proof thereof.

**COUNT XII –**

**Injunctive Relief**

53. Wells Fargo adopts and incorporates the preceding paragraphs as if fully set forth herein.

54. Wells Fargo denies the allegations in Paragraph 54 and demands strict proof thereof.

55. In response to Paragraph 55 and the three bullet points thereunder, Wells Fargo denies the allegations and demands strict proof thereof.

**COUNT XIII –**

**Violations of the Georgia Do Not Call Law (O.C.G.A. § 46-5-27)**

56. Wells Fargo adopts and incorporates the preceding paragraphs as if fully set forth herein.

57. Paragraph 57 states a legal conclusion to which no response from Wells Fargo is necessary. To the extent a response is required, Wells Fargo admits only that the statute referenced in Paragraph 57 speaks for itself and denies any inconsistent characterization or representation therewith. Otherwise, denied.

58. Wells Fargo denies the allegations in Paragraph 58 and demands strict proof thereof.

59. Paragraph 59 states a legal conclusion to which no response from Wells Fargo is necessary. To the extent a response is required, Wells Fargo admits only

that the O.C.G.A. § 46-5-27 speaks for itself and denies any inconsistent characterization or representation therewith. Otherwise, denied.

60. Wells Fargo denies the allegations in Paragraph 60 and demands strict proof thereof.

## PRAYER FOR RELIEF

In response to the unnumbered paragraph beginning with "WHEREFORE," and appearing below Paragraph 60 and subpoints (a) through (h), including a subsequent subpoint (h), Wells Fargo denies that Plaintiff is entitled to any relief whatsoever and demands strict proof thereof.

## DEMAND FOR JURY TRIAL

In response to the unnumbered paragraph beginning with "Plaintiff", and appearing below the heading "**DEMAND FOR JURY TRIAL**", Wells Fargo admits only that Plaintiff demands a trial by jury, but denies that Plaintiff has stated any valid claim against Wells Fargo that would entitle him to a trial by jury and demands strict proof thereof.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Plaintiff's claims against Wells Fargo are subject to a valid and binding arbitration agreement, and Wells Fargo expressly reserves the right to compel arbitration of Plaintiff's claims against Wells Fargo. By filing this Answer and

Affirmative Defenses, Wells Fargo does not waive the right to compel arbitration of Plaintiff's claims.

**Second Affirmative Defense**

Plaintiff fails to state a claim upon which relief may be granted.

**Third Affirmative Defense**

Wells Fargo did not engage in any intentional, willful, knowing and/or fraudulent conduct with respect to Plaintiff.

**Fourth Affirmative Defense**

Any calls made to the number provided by the Wells Fargo account holder were made with the prior express consent of the account holder. The account holder expressly gave Wells Fargo permission to make telephone calls to the telephone number at issue, which gives rise to consent to be called.

**Fifth Affirmative Defense**

Plaintiff's claims fail as a matter of law as the account holder cannot unilaterally revoke consent to be contacted by Wells Fargo where such consent was obtained as a part of a bargained-for contract, especially where the account holder fails to comply with the agreed upon terms and conditions regarding revocation.

**Sixth Affirmative Defense**

Any notice Plaintiff claims alleges to have given Wells Fargo was not reasonably calculated to apprise Wells Fargo of the account holder's intention to

revoke consent, was not delivered in a manner for which Wells Fargo accepts such communication, and/or was not in compliance with the agreed upon terms of the applicable agreement, including any amendments to such agreement. Therefore, Plaintiff cannot establish that he adequately and/or effectively revoked prior express consent to receive the telephone calls at issue.

**Seventh Affirmative Defense**

Plaintiff's claims may be barred by the statute of limitations, laches, estoppel (including collateral estoppel, judicial estoppel, and *res judicata*), waiver, release, consent, ratification, acquiescence, novation, equitable doctrines and/or unclean hands due to Plaintiff’s own acquiescence, improper, or bad faith conduct. Specifically, Wells Fargo alleges that if the Plaintiff received any calls from Wells Fargo, he expressly consented to receive any such calls and invited such calls through his communications and/or actions with Wells Fargo.

**Eighth Affirmative Defense**

Wells Fargo denies any liability; however, regardless of liability, Plaintiff has suffered no actual damages as a result of purported violations.

**Ninth Affirmative Defense**

Plaintiff's claims are barred, in whole or in part, as a result of his failure to mitigate any alleged damages, if any.

**Tenth Affirmative Defense**

Plaintiff's claims are subject to Wells Fargo's rights of set-off and recoupment to the extent that Plaintiff owes money to Wells Fargo as a result of any debt that remains unpaid or that is otherwise in default.

**Eleventh Affirmative Defense**

To the extent sought, Plaintiff cannot recover for mental pain and suffering, emotional distress, or similar damages, if any, in that there is no fixed, objective and/or clear and consistent standard under applicable state law for ascertaining the amount thereof, such that any award of said damages against Wells Fargo would violate the Fifth and Fourteenth Amendments to the United States Constitution and the Georgia State Constitution, which prohibit deprivation of life, liberty, or property, except by due process.

**Twelfth Affirmative Defense**

Wells Fargo's conduct was in good faith and in conformity with all applicable statutes, laws, formal opinions of the Federal Trade Commission and/or an advisory opinions of the Bureau of Consumer Financial Protection.

**Thirteenth Affirmative Defense**

Any violation of law, which Wells Fargo denies, was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

**Fourteenth Affirmative Defense**

Wells Fargo is not liable because it acted in good faith in conformity with and fulfilled its obligations under applicable statutes, including the TCPA, GFBPA, and associated rules, regulations, and statutory interpretations.

**Fifteenth Affirmative Defense**

Wells Fargo affirmatively invokes and asserts all defenses created by and/or existing under the TCPA and the GFBPA, including, but not limited to, Plaintiff's prior express consent and/or implied consent to receive calls at the telephone number at issue in the Complaint, the existence of an established business relationship between the parties, that Plaintiff was not charged for the alleged calls forming the basis for the Complaint, and that alleged calls made by Wells Fargo were not made for the purpose of solicitation.

**Sixteenth Affirmative Defense**

Plaintiff's injuries, if any, were the result of an intervening or superseding cause or the acts or omissions of third parties over which Wells Fargo had no responsibility or control and for which Wells Fargo may not be held liable.

**Seventeenth Affirmative Defense**

Wells Fargo pleads the defense of lack of causal relation between its conduct and the damages alleged.

**Eighteenth Affirmative Defense**

Wells Fargo denies that it is guilty of any conduct that would entitle Plaintiff to recover punitive damages.

**Nineteenth Affirmative Defense**

Plaintiff's claims for punitive damages against Wells Fargo cannot be upheld to the extent they are in violation of any law passed by the United States Congress or the State Legislature limiting awards of punitive damages or the amount of such damages.

**Twentieth Affirmative Defense**

Plaintiff's claims for punitive damages are barred, in whole or in part, to the extent an award of any such punitive damages would violate the holdings of, and/or standards set forth in, *BMW of North America v. Gore*, 517 U.S. 559 (1996); *Cooper Industries, Inc. v. Leatherman Tool Group, Inc.*, 532 U.S. 424 (2001); *State Farm Mutual Automobile Insurance Co. v. Campbell*, 538 U.S. 408 (2003); and any subsequently entered opinions of the United States Supreme Court addressing punitive damages.

**Twenty-First Affirmative Defense**

Wells Fargo pleads the affirmative defense of contributory/comparative negligence.

**Twenty-Second Affirmative Defense**

Plaintiff's equitable claims are barred because Plaintiff has an adequate remedy at law.

**Twenty-Third Affirmative Defense**

Wells Fargo affirmatively invokes and asserts all defenses created by and under the FDCPA.

**Twenty-Fourth Affirmative Defense**

Wells Fargo specifically denies that it acted with any negligence, willfulness, oppression, fraud, or malice towards Plaintiff.

**Twenty-Fifth Affirmative Defense**

Plaintiff's claims are preempted in whole or in part.

**Twenty-Sixth Affirmative Defense**

Plaintiff is not entitled to recover attorney fees from Wells Fargo.

**Twenty-Seventh Affirmative Defense**

Plaintiff is not entitled to treble damages.

**Twenty-Eighth Affirmative Defense**

Plaintiff's claims fail because Wells Fargo did not make false statements, threats, or harassing telephone calls.

**Twenty-Ninth Affirmative Defense**

Plaintiff's invasion of privacy/intrusion upon seclusion claim fails as a matter of law because Plaintiff has not suffered an actual injury.

**Thirtieth Affirmative Defense**

Plaintiff's GFBPA claims are barred because Plaintiff failed to satisfy the pre-suit notice requirement under O.C.G.A. § 10-1-399.

**Thirty-First Affirmative Defense**

To the extent that any violation of the TCPA was committed by agents or employees of Wells Fargo in direct contravention to established company policies, such conduct by such agents or employees was unauthorized, outside the ambit of their direct duties, and not in furtherance but in direct contravention of Wells Fargo's policies, and Wells Fargo is not vicariously liable for such acts.

**Thirty-Second Affirmative Defense**

To the extent that Plaintiff seeks to assert claims for purported violation of the Telephone Consumer Protection Act during the period in which the exemption for calls made solely to collect a debt owed to or guaranteed by the United States was in place, those claims fail to state a claim because the TCPA was unconstitutional.

**Thirty-Third Affirmative Defense**

Wells Fargo has established and implemented, with due care, reasonable and adequate practices and procedures to effectively prevent telephone calls in violation of the TCPA.

**Thirty-Fourth Affirmative Defense**

Plaintiff's claims, are barred, in whole or in part, to the extent that Plaintiff is not a "called party" within the meaning of the TCPA.

**Thirty-Fifth Affirmative Defense**

Plaintiff's claims, are barred, in whole or in part, because the alleged telephone calls at issue are excepted from and/or do not fall within the purview of the TCPA.

**Thirty-Sixth Affirmative Defense**

Plaintiff's claims, are barred, in whole or in part, because the alleged telephone calls and/or calls featuring a prerecorded or artificial voice have been exempted by statute, rule and/or by the FCC. *See*, *e.g.*, *In re Rules & Regulations Implementing the Telephone Consumer Protection Act of 1991 et al.*, 30 FCC Rcd 7961, 8031 at ¶ 146 (F.C.C. July 10, 2015); 47 C.F.R. § 64.1200.

**Thirty-Seventh Affirmative Defense**

To the extent Plaintiff received a single Ringless Voicemail (RVM), Plaintiff cannot state a claim against Wells Fargo.

**Thirty-Eighth Affirmative Defense**

To the extent not listed above, Wells Fargo hereby incorporates all affirmative defenses set out in Fed. R. Civ. P. 8(c) as if set forth fully herein.

**Reservation of Rights**

Wells Fargo reserves the right to assert additional defenses as discovery progresses. To the extent that any of the foregoing allegations in the Complaint have not been expressly admitted or denied, they are hereby denied.

Respectfully submitted this 5th day of December, 2025.

*/s/ Dylan J. Patel*
Dylan J. Patel
Georgia Bar No. 789608
dpatel@burr.com
BURR & FORMAN, LLP
1075 Peachtree Street NE, Suite 3000
Atlanta, GA 30309
Telephone: (404) 815-3000
Facsimile: (404) 817-3244

Attorney for Defendant
WELLS FARGO BANK, N.A. D/B/A WELLS FARGO AUTO

**CERTIFICATION OF COUNSEL**

I hereby certify that the foregoing document has been prepared with Times New Roman, 14 point font, one of the font and point selections approved by the Court in LR 5.1C.

*/s/ Dylan J. Patel*
Dylan J. Patel
Georgia Bar No. 789608

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document has been served on the following via U.S. First Class Mail, postage prepaid, on this 5th day of December, 2025:

Willis Johnson
3651 Lenox Road NE, Suite 666
Atlanta, GA 30305

*/s/ Dylan J. Patel*
Dylan J. Patel
Georgia Bar No. 789608